THE STATE OF OHIO, APPELLEE, v. BREEDLOVE, APPELLANT.

[Cite as State v. Breedlove (1971), 26 Ohio St. 2d 178.]

(No. 70-248—Decided June 23, 1971.)

*Mr. Robert E. Mohler,* prosecuting attorney, and *Mr. Charles E. Lowrey,* for appellee.
*Miss Dorothy D. Bergmann,* for appellant.

Duncan, J.  Appellant's alibi defense made the identity of the person who robbed the Rendevous Bar of crucial importance.  Obviously in an effort to bolster the in-court identification by the state's witnesses of Breedlove as the perpetrator of the crime, the prosecutor presented, on direct examination, evidence of an out-of-court selection by the witnesses of appellant's photograph from a group of mug shots obtained from police files.  Appellant contends that allowing this testimony and the pictures into evidence amounts to reversible error.  We agree.

Under proper circumstances, an out-of-court identification is admissible when defendant's identity is an issue.  R. C. 2945.55 provides:

"When identification of the defendant is an issue, a witness who has on previous occasion identified such person may testify to such previous identification.  Such identification may be proved by other witnesses."

The first question for resolution is whether, under R. C. 2945.55, testimony concerning an out-of-court identification of the accused *from a selection of photographs* is admissible in evidence.  Secondly, if such identification is admissible, may mug shots from police files, with police

file numbers thereon, be so used and later admitted in evidence?

New York has a statute [1] essentially analogous to R. C. 2945.55. In interpreting that statute the New York courts have construed it to permit only "in the flesh" out-of-court identification of a defendant and not an identification from a selection of photographs. *People* v. *Caserta* (1966), 19 N. Y. 2d 18, 21, 224 N. E. 2d 82. See, also, *People* v. *Richardson* (1970), 34 App. Div. 2d 559, 309 N. Y. Supp. 2d 669; *People* v. *Christman* (1969), 23 N. Y. 2d 429, 244 N. E. 2d 703; *People* v. *Cioffi* (1956), 1 N. Y. 2d 70, 133 N. E. 2d 703.

This court, in *State* v. *Lancaster* (1971), 25 Ohio St. 2d 83, has decided otherwise. In *Lancaster* we decided that "* * * a 'mug shot' of the accused taken after arrest, and the testimony of police officers as to statements describing the accused made to them by a prosecuting witness are admissible solely to indicate the process by which the accused was identified," where that process is under attack, and to corroborate that identification. Unlike the case at bar, the use of the mug shot in *Lancaster* could not give rise to suspicion in the minds of the jurors that the accused had prior criminal involvement, since it was there specified that the photograph was taken after the arrest for the crime for which he was being tried. R. C. 2945.55 does not limit evidence of a previous identification of such person to an in-the-flesh identification. We believe the General Assembly to have been aware that the identification process is quite often accomplished with pictures and other means.

Directing attention to the use of photographs from police files, other jurisdictions have held such evidence inadmissible for the reason that the use of such photo-

---

[1] Section 393-b, New York Code of Criminal Procedure, reads as follows:

"When identification of any person is in issue, a witness who has on a previous occasion identified such person may testify to such previous identification."

graphs makes obvious to the jury that defendant has had a prior involvement with the police which gave rise to the inclusion of his photograph in their files. *Commonwealth* v. *Jamison* (1969), 251 Pa. Sup. 379, 258 A. 2d 529; *Commonwealth* v. *Allen* (1968), 212 Pa. Sup. 314, 242 A. 2d 901; *State* v. *Gluff* (1969), 285 Minn. 148, 172 N. W. 2d 63; *Roberts* v. *Commonwealth* (Ky. 1961), 350 S. W. 2d 626; *Barnes* v. *United States* (C. A. D. C. 1966), 365 F. 2d 509; *State* v. *Baldwin* (1927), 317 Mo. 759, 297 S. W. 10; *Wilson* v. *State* (1928), 111 Tex. Cr. 134, 11 S. W. 2d 803; *Alberty* v. *State* (1939), 68 Okla. Cr. 246, 97 P. 2d 904.

In Ohio, the general rule is that "the introduction of evidence tending to show that a defendant has committed another crime wholly independent of the offense for which he is on trial is prohibited." *State* v. *Hecter* (1969), 19 Ohio St. 2d 167, paragraph one of the syllabus. See, also, *Knight* v. *State* (1896), 54 Ohio St. 365, 379; *Farrer* v. *State* (1853), 2 Ohio St. 54. There are, of course, exceptions to that rule, as where the prior offense, if shown to be part of a common plan or scheme and evidence thereof, is admitted to prove the elements of intent, motive, knowledge or identity. R. C. 2945.59; *State* v. *Hecter, supra,* paragraph two of the syllabus.

In the case at bar, the mug-shot photographs with police identification numerals thereon, particularly when coupled with the direct testimony of the state's witness that the pictures in evidence were "photographs of guys that have committed crimes," and the testimony of Detective Lane, suggested to the jury that appellant had had prior trouble with the law. Although the trial court stated that Sergeant Brown's statement that the photographs were of "possible suspects of armed robbery and burglaries" was to be disregarded, such limiting instruction was not sufficient to overcome the substantial risk that, despite such instruction, the jury would look to the police photographs in determining defendant's guilt of this offense. See *Bruton* v. *United States* (1968), 391 U. S. 123.

Under the circumstances in the case at bar, we believe it unjustifiable for the state, on direct examination, to present police mug shots, bearing police identification numbers, from which a reasonable inference can be drawn that the defendant, at some indefinite time in the past had had trouble with the law. Evidence of prior criminal involvement must satisfy the requirements of R. C. 2945.59,[2] which these photographs do not.

Appellant urges that the selection of his photograph, out-of-court, not in his presence or in the presence of his counsel, fogs his rights under the Sixth Amendment to the United States Constitution. We find no right-to-counsel problem here as was presented in *United States* v. *Wade* (1967), 388 U. S. 218. At the time witnesses Thompson and Jackson identified appellant from photograph selections, the investigation had not reached the accusatory stage, nor was the defendant in custody.

The admission of photographs from police files, with police file numbers thereon, and the testimony of witnesses Thompson, Brown, Jackson and Lane with respect to the identification of appellant from police photographs, constituted prejudicial error. Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.

---

[2]R. C. 2945.59 reads as follows:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."