THE STATE OF OHIO, APPELLEE, *v.* SIMPSON, APPELLANT.

(No. C-811018—Decided October 27, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. William E. Breyer,* for appellee.

*Mr. Peter Rosenwald,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

Appellant, Calvin R. Simpson, was convicted by a jury of aggravated robbery, robbery, and theft of drugs in connection with the holdup and robbery of a pharmacy in which drugs were stolen and money was taken from the pharmacist. Appellant was sentenced as appears of record on the aggravated robbery and theft of drugs counts. The trial court did not sentence appellant on the robbery conviction, finding that it was merged with the aggravated robbery conviction.

In his appeal appellant asserts three errors, the first alleging that:

"The trial court erred to the substantial prejudice of the defendant-appellant by allowing the photographic identification and exhibits into evidence."

The photographs in question constitute a series of seven mug shots of different men obtained from the Covington, Kentucky, Police Department. Each photograph shows a man standing before

a height scale with his sides reflected in mirrors. Each man wears a sign bearing a number and date. Among these photographs was one of appellant. These photographs were used in a display from which the victim of a pharmacy robbery, Paul Schoster, identified appellant as one of the robbers. In its case-in-chief, the state gave these photographs to Paul Schoster, who then identified the picture of appellant as being one of the participants of the robbery *sub judice*. All seven photographs were admitted into evidence over objection. Appellant maintains that this evidence provided the jury with the impermissible inference that he had had prior criminal involvement. We disagree.

The rule in Ohio is that it is prejudicial error to admit into evidence a photograph of the defendant which was obviously taken by the police and which therefore indicates to the finder of fact that the accused had prior criminal involvement. *State* v. *Breedlove* (1971), 26 Ohio St. 2d 178 [55 O.O.2d 441]. However, the record here demonstrates that prior to the time the photographs were actually admitted into evidence, appellant's counsel during *voir dire* advised the prospective jurors that appellant had a prior criminal record. Consequently, *Breedlove* does not control, and the admission of the photographs did not amount to error. *State* v. *Donham* (April 9, 1980), Hamilton App. Nos. C-790332 & -790333, unreported.

The second argument raised by appellant with respect to the photographs is that appellant's motion to suppress the identification testimony of Paul Schoster, the pharmacist, should have been granted because the identification procedure was impermissibly suggestive. In the instant cause the photographs were shown to Schoster shortly after his pharmacy had been robbed on August 14, 1981, by two men. The purpose of the photographic array was the potential identification of one of the perpetrators of a robbery of the pharmacy occurring on August 10 — four days earlier. Schoster had already given descriptions of the August 14th robbers when shown the photographs. Schoster unequivocally identified appellant as one of the participants of the August 14th robbery and he later made an in-court identification of appellant.

The seven photographs used in the instant case display an acceptably wide variety of reasonably similar subjects, and as a group they were not unpermissibly suggestive. *State* v. *Hall* (Oct. 29, 1980), Warren App. No. 397, unreported. Further, nothing in the record indicates that the police influenced the selection process in any manner whatsoever or used any procedure that was suggestive. We find the photographic display was not impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons* v. *United States* (1968), 390 U.S. 377. Moreover, we believe that the identification testimony satisfies the criteria of reliability. *Manson* v. *Brathwaite* (1977), 432 U.S. 98. The witness had ample opportunity to view appellant at the scene of the crime, and he was quite definite in his identification of appellant as one of the men who robbed him. On the facts of this case, the trial court did not err in denying appellant's motion to suppress the photograph identification. Having found the dual issues raised to be meritless, we overrule the first assignment.

Appellant's second assignment of error states:

"The trial court erred to the substantial prejudice of the defendant-appellant by allowing the conviction for, and subsequently sentencing upon, theft of drugs, R.C. 2925.21."

Appellant argues that under R.C. 2941.25 the offenses of aggravated robbery and theft of drugs constitute allied offenses of similar import and therefore he may be convicted of only one. This court has recently been confronted with the identical issue in *State* v. *Bates* (Sept. 29, 1982), Hamilton App. No. C-810916,

unreported, and we adhere to our decision and rationale therein.

The factual situation *sub judice* parallels to a great extent that of *Bates*. The alleged crimes here occurred in a pharmacy, and at trial the appellant asserted the defense of alibi. It is the undisputed testimony of Paul Schoster, the owner of the pharmacy, that he was confronted in his pharmacy by two men, one of whom drew a gun on him and ordered him to lie on the floor. Meanwhile, according to the testimony of the owner's daughter, the other man also drew a gun on her and a customer and ordered them to lie down. Thereafter, the two robbers took a quantity of drugs and also removed $250 from the owner's pocket. As in *Bates*, we find the theft of the drugs and the theft of the money from the pharmacy owner were committed at different times and for different purposes. There was no error in the conviction and sentencing of appellant for theft of drugs and aggravated robbery. The assignment is overruled.

For the third and final error assignment appellant challenges the legal sufficiency of the evidence. Appellant contends, in effect, that there was insufficient evidence to establish his identity as one of the perpetrators. At trial the pharmacy owner identified appellant as one of the robbers. The appellant took the stand and denied being present. Thus, a question of weight of the evidence and credibility of the witnesses was presented for the jury to resolve and the jury obviously resolved it against appellant. *State* v. *Antill* (1964), 176 Ohio St. 61 [26 O.O.2d 366]; *State* v. *Petro* (1947), 148 Ohio St. 473 [36 O.O. 165]. Appellant also maintains his conviction as a principal offender as to the theft of drugs charge is improper. There was sufficient credible evidence adduced from which the trier of fact could conclude beyond a reasonable doubt that appellant was, in fact, a principal and had committed the offenses of aggravated robbery and theft of drugs.

*State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. We overrule the third assignment.

Having overruled all assignments of error, we affirm.

*Judgment affirmed.*

KEEFE, P.J., DOAN and KLUSMEIER, JJ., concur.