OPINION
Defendant-appellant Charles Pounds appeals his conviction and sentence in the Richland County Court of Common Pleas on one count of aiding and abetting aggravated robbery with a gun specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE[1]
On the afternoon of August 31, 1995, three armed men robbed the Ritz Nite Club in Mansfield, Ohio. Police officers from the Mansfield Police Department responded to a tone alert, which signifies a serious situation. Shortly after the incident, Shawn Pointer was apprehended near the scene. As a result of a discussion with Pointer, Mansfield Police Officer Lucinda Powers compiled two (2) photo arrays from which Pointer was able to identify appellant as the third perpetrator of the robbery.
On November 8, 1995, the Richland County Grand Jury indited appellant on one count of aiding and abetting aggravated robbery with a gun specification. On December 31, 1996, appellant's trial counsel filed a request for discovery. The State responded on January 9, 1997. Thereafter, on April 1, 1997, the State filed a supplemental response.
On April 1, 1997, the State issued subpoenas to Shawn Pointer and Deborah Brock Pounds. Also on that day, the trial court filed an order to convey Shawn Pointer from the Mansfield Correctional Institution to Richland County. This order was sent via facsimile to Mansfield Correctional Institution on April 2, 1997. Neither the State's response to discovery nor supplemental response identified Shawn Pointer or Deborah Brock Pounds as witnesses in the matter.
A jury trial commenced on April 3, 1997. During the first day of trial, Pointer testified on behalf of the State as part of a plea bargain. During Pointer's testimony, the State attempted to introduce the two (2) photo arrays which had been compiled to assist Pointer in identifying the third subject. The trial court sustained appellant's trial counsel's objection to the introduction of the photo arrays finding the State did not comply with the discovery rules. During redirect examination of Pointer, the State presented a book-in photograph of appellant to the witness. Over objection, the trial court admitted the police file photograph into evidence. The photograph was part of one of the photo arrays which the trial court had excluded from evidence.
On the second day of trial, the State called Officer Lucinda Powers. During direct examination, Officer Powers testified regarding the information conveyed to her by Pointer as well as his demeanor during their meeting.
After hearing the evidence and deliberations, the jury found appellant guilty of one count of aiding and abetting aggravated robbery with a gun specification. The trial court sentenced appellant to consecutive terms of imprisonment of nine to twenty-five years on the aiding and abetting charge and three years on the gun specification.
It is from this conviction and sentence appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING THE PROSECUTOR TO CALL TWO WITNESSES WHO WERE NOT IDENTIFIED TO DEFENSE COUNSEL AS SUCH UNTIL THE DAY BEFORE TRIAL.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING INTO EVIDENCE A PHOTO OF APPELLANT WHICH SHOWED PRIOR CONTACT WITH LAW ENFORCEMENT AGENCIES, HAD NOT BEEN IDENTIFIED IN DISCOVERY, AND WAS NOT SUPPORTED BY ANY TESTIMONY THAT IT FAIRLY AND ACCURATELY DEPICTED APPELLANT AT THE TIME OF THE ROBBERY OR THE TIME OF TRIAL.
 III. A POLICE OFFICER GIVES AN INADMISSIBLE OPINION WHEN SHE TESTIFIES THAT A WITNESS WAS BEING GENUINE AND NOT UNTRUTHFUL.
 II
Because we find appellant's second assignment of error is dispositive of the instant action, we shall address said assignment first. Herein, appellant contends the trial court erred in admitting into evidence a photograph of appellant, which had not been disclosed during discovery, which was not supported by testimony regarding the accuracy of its depiction of appellant at the time of the offense or the time of trial, and, more significantly, which indicated prior involvement with the police.
In State v. Breedlove (1971), 26 Ohio St.2d 178, syllabus at para. 2, the Ohio Supreme Court held:
 On direct examination, evidence of the identification of the defendant from a selection of photographs, using photographs from police files with police identification numerals thereon which provide the finder of facts with the reasonable inference that defendant has had prior criminal involvement, may not be used for the purpose of proving defendant's identity.
 Breedlove is analogous to the case sub judice. InBreedlove, the State, during its case-in-chief, presented "evidence of an out-of-court selection by the witnesses of appellant's photograph from a group of mug shots obtained from police files." Id. at 181. The trial court admitted into evidence testimony which unequivocally described the pictures as "photographs of guys that have committed crimes." Id. at 183. Additionally, the trial court allowed the photographs, which bore police identification numbers, into evidence. Id. at 181.
The Breedlove Court addressed two (2) issues: 1) "whether, under R.C. 2945.55, testimony concerning an out-of-court identification of the accused from a selection of photographs is admissible," and 2) "if such identification is admissible, may mug shots from police files, with police file numbers thereon, be so used and later admitted in evidence?" Id. at 181-182.
After concluding a witness could testify regarding an out-of-court identification of the accused from a selection of photographs, the Supreme Court directed its attention to the admission of the actual photographs. The court reasoned:
 [W]e believe it unjustifiable for the state, on direct examination, to present police mug shots, bearing police identification numbers, from which a reasonable inference can be drawn that the defendant, at some indefinite time in the past had had trouble with the law. Evidence of prior criminal involvement must satisfy the requirements of R.C. 2945.59.
 Id. at 184.
The Breedlove Court found:
 The admission of photographs from police files, with police file numbers thereon, and the testimony of witnesses * * * with respect to the identification of appellant from police photographs, constituted prejudicial error.
 Id.
As did the appellant in Breedlove, appellant herein asserts an alibi defense which makes the identity of the third suspect in the robbery of the Ritz Nite Club of crucial importance.
During Pointer's direct-examination, the State attempted to enter the two (2) photo arrays from which Pointer selected the photograph of appellant as the third person involved in the robbery into evidence. The trial court sustained appellant's trial counsel's objection. However, the trial court, over objection, permitted the State to use the individual book-in photograph during its redirect examination of Pointer.
The left side of the photograph at issue portrays appellant from a front view. The right side captures appellant's profile. The back bears information relative to appellant's vital statistics: name, social security number, date of birth, height, and weight, in addition to a police identification number and the date the photo was taken, which was six months before the robbery.
Furthermore, the State's rebuttal witness, Sergeant Michael Baumann of the Mansfield Police Department, testified the photograph was a mug shot of appellant taken in February, 1995. The State argues Baumann's reference to the photograph as a "mug shot" was a fleeting comment to which appellant did not object. The State maintains the Breedlove Court's finding of prejudicial error was predicated upon the combination of the witnesses' testimony regarding the identification of the appellant from police photographs as well as the admission of the actual photographs bearing police identification numbers. We disagree with the State's interpretation of Breedlove.
The Supreme Court's use of the word "and" when it concluded, "[t]he admission of photographs from police files, with police file numbers thereon, and the testimony of witnesses * * * with respect to the identification of appellant from police photographs, constituted prejudicial error", should be read in the disjunctive, not in the conjunctive. Id. (Emphasis added).Breedlove does not require the admission of both police photographs and testimony of prior police involvement in order to constitute prejudicial error. The photographs standing alone were sufficient to demonstrate prior criminal involvement and; therefore, prejudicial. We believe our interpretation ofBreedlove is accurate in light of the language used by the Supreme Court throughout its opinion. Specifically, before making its findings, the Supreme Court stated:
 In the case at bar, the mug-shot photographs with police identification numerals thereon, particularly when coupled with the direct testimony of the state's witness that the pictures in evidence were "photographs of guys that have committed crimes," * * * suggested to the jury that appellant had had prior trouble with the law.
 Id. at 183 (Emphasis added).
The Breedlove Court found the testimony of the State's witnesses regarding the nature of the photographs served to enhance the already prejudicial effect of said photographs. The book-in photograph in the instant appeal provided the jury with a reasonable inference that appellant had prior criminal involvement and the admission thereof constituted prejudicial error. Detective Baumann's comment merely served to enhance the prejudicial effect of the photograph. We find the trial court erred in allowing the photograph into evidence. Accordingly, we sustain this assignment of error.
 I III
In light of our disposition of appellant's second assignment of error, we find these assignments moot.
The judgment of the Richland County Court of Common Pleas is reversed.
By: Hoffman, P.J., Reader, J. and Wise, J. concurs.
 JUDGMENT ENTRY
CASE NO. 97CA40
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is reversed and this case remanded to the trial court for further proceedings in accordance with our opinion and the law. Costs assessed to appellee.
[1] For a more detailed account of the August 31, 1995 facts surrounding the robbery of the Ritz Nite Club, see, State v.Bounds (March , 1998), Richland App. No. 96-104, unreported.