OPINION
Defendant John Coburn appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of theft in violation of R.C. 2913.02, after a jury found him guilty. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF THE IMPROPERLY SUGGESTIVE IDENTIFICATION OF APPELLANT'S PHOTO AT THE PERRY POLICE DEPARTMENT THEREBY TAINTING ALL FURTHER PHOTOGRAPHIC AND IN PERSON IDENTIFICATIONS IN VIOLATION OF APPELLANT'S RIGHT OF DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE A PHOTOGRAPH OF APPELLANT THAT CONTAINED HIS BOOKING NUMBER IN VIOLATION OF DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 III. THE JURY VERDICT FINDING APPELLANT GUILTY OF THEFT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 IV. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
At trial, the State alleged Kevin Radsick took his Suzuki quad runner to the Park Honda dealer on route 62 in Canton, Stark County, Ohio. While Radsick waited for a salesman, a man Radsick identified as the appellant approached him to ask if the quad runner was for sale. Radsick replied Park Honda would give him $1800.00 for the vehicle. Appellant offered Radsick $2200.00 for the quad runner if it ran well. Radsick agreed to sell it to appellant, after a test drive. Radsick and appellant went to appellant's grandparent's residence to test drive the quad runner. Appellant drove away on the quad runner but did not return. Radsick searched for appellant but could not locate him, and eventually filed a report with the sheriff's department. Radsick then returned to appellant's grandfather's house, and his grandfather told Radsick appellant was the person who took the quad runner.
Radsick was acquainted with a Perry Police Department detective, and contacted her. The police detective showed Radsick photographs, on which the booking numbers were visible. Radsick selected appellant's photograph from the array. Approximately one week later, a Canton Police Department detective showed appellant another photo array, and Radsick selected a photograph of another person, not of appellant. Three days later, Radsick examined a third photo array, and selected appellant's photograph from this set.
 I
Appellant first challenges the victim's identification of appellant's photo at the Perry Police Department as improperly suggestive and tainting the other two photographic arrays as well as the victim's identification of the appellant in person as the perpetrator of the theft. Appellant cites us to Manson v.Brathwaite (1977), 432 U.S. 98. A reviewing court should look at the totality of the circumstances surrounding the identification procedure to determine whether it is unduly suggestive. Factors one must consider are the victim's opportunity to observe the accused at the time of the offense, the victim's degree of attention, the descriptions the victim gave to the police, the victim's level of certainty at the identification, and the lapse of time between the event and the identification. Appellant points out the record indicates the victim spent approximately fifteen minutes with the thief and gave a rather detailed description of the perpetrator, but apparently omitted hair color and eye color.
Appellant argues the record is a bit confused regarding how many photographs Radsick actually observed in the first photo array at the Perry Police station. Deputy Sheriff Oliver testified he did not know how many photographs Radsick saw, but testified Oliver's notes indicated the Perry Police officer showed the victim "a photo" of the appellant. Radsick testified the police showed him six pictures, and it does not appear the Perry Police officer testified. The photographs initially shown the victim at the Perry Police Department displayed the booking numbers.
The State responds the victim had extensive contact with the perpetrator, and was able to observe him for some time. The victim identified appellant on four separate occasions, the first being the same day as the incident.
We find considering the totality of the circumstances, the first photo array displayed to the victim was not unduly suggestive, and did not taint the victim's identification of appellant as the perpetrator.
 II
Appellant next cites us to State v. Breedlove (1971), 26 Ohio St.2d 178, as authority for the proposition it is prejudicial error to admit into evidence a photograph of the accused which was obviously taken by the police, and indicates to the trier of fact the accused had prior criminal involvement. The trial court admitted into evidence the photographs the victim viewed at the Perry Police station, whereon the booking numbers could be seen. Appellant argues these booking numbers made it clear to the jurors the persons pictured had been arrested on a previous occasion.
The State distinguishes Breedlove, supra, from the case at bar because counsel in Breedlove objected on the grounds stated by appellant in his argument before us, but at trial, counsel in this case did not object to the introduction of the photographs as being suggestive of prior criminal activity. Trial counsel's objection to the photographs was only on foundation grounds. The State urges if we are to review this claim, it must be under the Plain Error Doctrine. Pursuant to Crim.R 52, this court may take notice of errors affecting substantial rights, even if those errors were not brought to the attention of the trial court. Admission of improperly obtained evidence is harmless error absent the reasonable possibility the jury would have acquitted the defendant but for the introduction of the disputed evidence, Statev. Brown (1992), 65 Ohio St.3d 483.
We find this alleged error does not rise to the level of plain error, because we cannot say the outcome of the trial would have been different had the jury not seen this photograph of appellant.
The second assignment of error is overruled.
 III
Appellant's third error challenges the manifest weight of the evidence. Appellant argues the State produced insufficient evidence he was the perpetrator of the crime. Appellant argues his brother Richard confessed to being the thief, and the victim testified the thief had identified himself, as "Ricky". Appellant also points out in the second photo array, Radsick picked a different person's photograph.
In State v. Thomas (1982), 70 Ohio St.2d 79, the Ohio Supreme Court held a reviewing court should determine whether the jury "clearly lost its way" and created a manifest miscarriage of justice. The State also points out appellant's brother did initially confess to the crime but never followed up by giving a statement to the police.
Our review of the record leads us to conclude the State presented sufficient competent and credible evidence regarding the identity of the perpetrator.
The third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant argues he was denied the effective assistance of counsel because counsel failed to object to certain testimony identifying appellant as the perpetrator of the theft.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court formulated a two-prong test to examine claims of ineffective assistance of counsel. First, the court must determine whether counsel's performance fell below an objective standard of reasonable representation, involving a substantial violation of an essential duty. If we find counsel's performance was deficient, then we must then decide if the appellant was prejudiced by his counsel's ineffectiveness, that is, whether the reliability of the trial is in question. Ohio uses the Strickland
test, see State v. Bradley (1989), 42 Ohio St.3d 136.
The evidence of which appellant complains is the testimony by the victim that he returned after the theft and spoke to appellant's grandfather. The grandfather allegedly told the victim the name of the person who took the quad runner was John Coburn.
Appellant argues this testimony was prejudicial and hearsay.
The State responds the statement was not hearsay because it was offered to explain the victim's conduct, and trial counsel did not have a duty to object. In addition, the State points out the defense argued at trial the victim was confused regarding the identity of the perpetrator, and the victim's testimony that an unknown elderly gentleman identified the perpetrator bolstered that argument.
Appellant has not demonstrated he can meet the prongs of theStrickland test, because we are unconvinced the outcome of the trial would have been different had counsel objected to this testimony.
The fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., and Wise J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.