OPINION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Lucas County Court of Common Pleas. There, following the return of a jury verdict, appellant was found guilty on three counts of drug trafficking. Because we conclude that the trial court erroneously denied appellant's initial Crim.R. 29 motion and further erred in admitting into evidence certain booking photos, we reverse.
On April 28, 1997, appellant, Anthony Hamilton, was indicted on three counts of drug trafficking; the alleged activity occurred on three separate dates in August 1996. Count One alleged that appellant violated R.C. 2925.03(A)and (C)(4)(a). Count Two alleged that appellant had violated R.C. 2925.03(A) and (C)(4)(c) in that the "amount of the drug involved exceeded 1 gram but did not exceed 5 grams of crack cocaine." Count Three alleged that appellant violated R.C. 2925.03(A) and (C)(4)(d) in that the "amount of the drug involved exceeded 5 grams but does not exceed 10 grams of crack cocaine."
Appellant pled not guilty. During the October 1, 1997 jury trial, an undercover officer identified appellant as the person who sold drugs to her on three separate dates. Two other officers corroborated that they had seen appellant get into the undercover officer's vehicle on two of the dates. A drug analysis expert also testified as to the weight of the substance purchased and identified it as "crack cocaine."
At the close of the prosecution's case, appellant moved for acquittal, pursuant to Crim.R. 29, on Counts Two and Three. Appellant's motion was based upon the lack of any evidence as to "unit dose form," which was a required element under R.C.2925.03(C)(4)(c) and (d) at the time appellant committed the alleged offenses. Prior to ruling on the motion, the trial court required defense counsel to offer any other alternatives to the motion for acquittal. Defense counsel then suggested that should the court fail to grant the motion to acquit, the jury should be instructed as to the lesser included offenses. Treating this as a motion to amend the indictment, the trial court then denied appellant's Crim.R. 29 motion and granted appellant's "alternative motion," amending the second count to a fifth degree felony under R.C. 2925.03(C)(4)(a) and the third count to R.C.2925.03(C)(4)(c), a fourth degree felony, "where unit dose will not be mentioned but the weight of the drug involved shall be mentioned."
This trial resulted in a hung jury and the case was retried on December 10, 1997. The same witnesses testified at the second trial. Appellant again moved for acquittal as to Counts Two and Three, which motion was denied. The jury found appellant guilty on the three counts as presented on the verdict forms, which indicated two fifth degree and one fourth degree felonies.[1] The trial court entered judgment based upon the indictment and jury instructions, and sentenced appellant as to third, fourth, and fifth degree felonies in drug trafficking.
Appellant now appeals those convictions, setting forth the following five assignments of error:
"Assignment of Error No. 1
 "Appellant's conviction was obtained in violation of the constitutional prohibitions against ex post facto laws.
"Assignment of Error No. 2
 "The trial court erred in overruling Appellant's motion for judgment of acquittal pursuant to Crim. R. 29.
"Assignment of Error No. 3
 "The second trial placed Appellant twice in jeopardy for the same offense in violation of United States and Ohio Constitutions.
"Assignment of Error No. 4
"The indictment was fatally defective.
"Assignment of Error No. 5
 "The proceedings below violated Appellant's right to due process of law."
 I.
We will first address appellant's second assignment of error in which he argues that, at the conclusion of the first trial, the trial court erred in denying his Crim.R. 29 motion for acquittal as to Counts Two and Three of the indictment.
A trial court will grant a motion for acquittal pursuant to Crim.R. 29(A) only if the evidence is such that reasonable minds would not reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. See State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
The version of R.C. 2925.03 in effect at the time appellant allegedly committed the trafficking offenses provided, in pertinent part, that:
 "(A) No person shall knowingly sell or offer to sell a controlled substance.
"* * *
 "(C) * * * (4)If the drug involved in the violation is cocaine or a compound, mixture, preparation or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows
 "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), (f), or (g) of this section, trafficking in cocaine is a felony of the fifth degree, and division (C) of section 2929.13
of the Revised Code applies in determining whether to impose a prison term on the offender.
"* * *
 "(c) Except as otherwise provided in this division, if the amount of the drug involved exceeds five grams but does not exceed ten grams of cocaine that is not in unit dose form or exceeds one gram but does not exceed five grams of cocaine in unit dose form, trafficking in cocaine is a felony of the fourth degree. * * *
 "(d) Except as otherwise provided in this division, if the amount of the drug involved exceeds ten grams but does not exceed one hundred grams of cocaine that is not in unit dose form or exceeds five grams but does not exceed ten grams of cocaine in unit dose form, trafficking in cocaine is a felony of the third degree * * *." (Emphasis added.)[2]
Thus, to prove any trafficking offense in crack cocaine higher than a fifth degree felony, certain necessary elements must be shown. In addition to weight, where the substance concerns crack cocaine, the state must establish that the drug sold by a defendant is in "unit dose form." See State v. Powell (1993),87 Ohio App.3d 157, 164 (testimony indicated that individual rocks of crack cocaine constituted "single serving"); State v. Walker (Mar. 7, 1996), Cuyahoga App. No. 68927, unreported (testimony presented as to usage and dose).
Contrary to appellee's claim, nothing in the record of the first trial indicates any evidence or testimony that the substance allegedly purchased from appellant was in "individual units" or "unit dose." The testimony in the first trial merely established that the substance allegedly purchased was crack cocaine. Nothing was offered to establish that, as such, it was in "unit dose form." Moreover, in our view, it is not reasonable to assume that the average juror's knowledge of statutory definitions or drug use permits such an inference. Apparently, appellee also recognized this fact, since in the second trial, detailed testimony was presented as to usage and that the crack cocaine purchased was in unit dose form.
Additionally, the trial court improperly requested appellant to offer an "alternative" to his motion to acquit prior to ruling on the Crim.R. 29 motion. In essence, the trial court required appellant to cure the prosecution's lack of evidence against him by acquiescing to a lesser charge. Therefore, since the prosecution failed to establish an essential element required for Counts Two and Three, i.e., "unit dose form," the trial court erred in denying appellant's motion for acquittal during the first trial as to those two counts.
Accordingly, appellant's second assignment of error is well-taken as to Counts Two and Three only.
 II.
Appellant, in his third assignment of error, claims that the second trial violated his constitutional protections against double jeopardy.
Under the United States Constitution, neither a jury's failure to reach a verdict nor a trial court's declaration of a mistrial following a hung jury is an event that terminates jeopardy so as to bar a second trial on the mistried charges.Richardson v. United States (1984), 468 U.S. 317, 325. A "'defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments.'" Id. at 324-325, quoting Wade v. Hunter (1949),336 U.S. 684, 688-689. Likewise, retrial after a hung jury is not barred by the Ohio Constitution. See State v. Lovejoy (1997),79 Ohio St.3d 440, 445-446.
In this case, although appellant's first trial resulted in a hung jury, it did not absolutely bar retrial. Therefore, since we have already vacated the conviction on the second and third counts, retrial on Count One is not barred by appellant's right against double jeopardy.
Accordingly, appellant's third assignment of error is not well-taken.
 III.
We now turn to appellant's fifth assignment of error, in which he argues that cumulative errors deprived him of due process and his right to a fair trial. Appellant states that these errors included: 1) improper admission of appellant's booking photo; 2) improper admission of exhibits one through six, the three crack samples purchased and the lab reports for each; and 3) erroneous jury instructions and verdict forms.
We first address whether or not the admission of booking photos was improper. The Supreme Court of Ohio has held that:
 "On direct examination, evidence of the identification of the defendant from a selection of photographs, using photographs from police files with police identification numerals thereon which provide the finder of facts with the reasonable inference that defendant has had prior criminal involvement, may not be used for the purpose of proving defendant's identity." State v. Breedlove (1971), 26 Ohio St.2d 178, paragraph two of the syllabus.
Thus, where testimony or photos indicating prior criminal involvement are admitted, such admission constitutes prejudicial and reversible error. Id. at 184; see, also, State v. Pounds
(Mar. 25, 1998), Richland App. No. 97CA40, unreported.
In this case, the prosecution introduced not one, but two sets of booking photos which were taken prior to appellant's arrest for the crimes for which he was then on trial. Although the booking numbers had been cut off and no other information appeared in the photos, both sets contained the traditional front view and profile booking poses. One set also showed the strap around appellant's neck from which the booking numbers plate would have hung. Moreover, the undercover policewoman testified that the photos were obtained as a result of her "running" appellant's name prior to the alleged buys and that they aided her in identifying appellant. Therefore, the trial court erred in admitting the photos since the jury could have reasonably inferred that appellant had prior criminal involvement. Although other irregularities exist in this case, we decline to address them, since the booking photo error constitutes prejudicial error sufficient to reverse and remand for new trial as to Count One.
Accordingly, appellant's fifth assignment of error is well-taken as to the admission of the previous booking photos. Since appellant's first and fourth assignments of error deal with the second and third counts, which we have already vacated, they are hereby rendered moot.
The judgment of the Lucas County Court of Common Pleas is reversed and the judgment vacated as to Counts Two and Three of the indictment. The case is remanded for a new trial as to Count One and any other proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., JUDGE
Melvin L. Resnick, J., JUDGE
James R. Sherck, J., JUDGE
CONCUR.
[1] We note that in the second trial, the verdict forms are inconsistent with the jury instructions given for Counts Two and Three. For Count Two, the instructions included the correct language of the applicable version of R.C. 2925.03(C)(4)(c), a fourth degree felony, that the appellant "did knowingly sell or offer to sell cocaine or a compound, mixture, preparation, or substance containing cocaine, and the amount of the drug involved exceeded one gram but did not exceed five grams in unit dose form." However, the verdict form for Count Two reads that the jury found appellant guilty of "Trafficking in Crack Cocaine, or a compound, mixture, preparation, or substance containing cocaine, and the amount of the drug involved exceeded 1 gram but did not exceed 5 grams of Crack Cocaine, in violation of ORC 2925.03(A) and (C)(4)(a), a felony of the fifth degree." (Emphasis added.)
Likewise, the instructions as to Count Three, were from the applicable version of R.C. 2925.03(C)(4)(d), a third degree felony, that appellant "did knowingly sell or offer to sell cocaine or a compound, mixture, preparation, or substance containing cocaine, and the amount of the drug involved exceeds five grams but did not exceed 10 grams of crack cocaine in unit dose form." Nevertheless, the verdict form for Count Three states that the jury found appellant guilty of "trafficking in Crack Cocaine or a compound, mixture, preparation, or substance containing cocaine, and the amount of the drug involved exceeds 5 grams but does not exceed 10 grams of crack cocaine, in violation of ORC 2925.03(A) and (C)(4)(c), a felony of the fourth degree." (Emphasis added.)
[2] R.C. 2925.03 is now broader, substituting the words "crack cocaine" for the terms "unit dose form."