[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
The first assignment of error, alleging that the trial court erred in admitting into evidence a photographic array that contained a police mug shot of Scott, is overruled. The mug shot of Scott was part of a photographic array of five pictures of different individuals. The pictures did not contain any police identification numerals, but all of them had lines from a height chart in the background. The photographs clearly appeared to be mug shots, which suggested prior criminal activity, and they should have been excluded. See State v. Breedlove (1971),26 Ohio St.2d 178, 271 N.E.2d 238. However, we hold that the trial court's error in admitting the mug shots was harmless, because there was substantial other evidence to support Scott's robbery conviction. We are convinced, following a complete review of the record, that any inference the jury may have drawn from seeing Scott's mug shot was harmless in light of the evidence against him.
Scott's second assignment of error, which alleges that the trial court erred in denying his Crim.R. 29(A) motion for acquittal because the identification evidence was insufficient, is overruled. The victim had ample opportunity to view Scott in broad daylight, initially, as he walked past her and looked her in the eye and then when she struggled with him over her purse. She also saw his face as she reached into his car to grab the steering wheel as he was attempting to escape. The victim also picked Scott's picture out of a photographic array. The victim's identification of Scott as the robber was sufficiently reliable under the totality of the circumstances. See Neil v. Biggers
(1972), 409 U.S. 188, 93 S.Ct. 375; State v. Bankhead (Feb. 25, 2000), Hamilton App. No. C-990139, unreported; State v. Norman
(Dec. 3, 1999), Hamilton App. Nos. C-980874, C-980872, unreported. We hold that the evidence was such that reasonable minds could have reached different conclusions as to whether each element of robbery, including the identification of Scott as the robber, had been proved beyond a reasonable doubt. See State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184.
The third assignment of error, which alleges that the trial court erred in failing to dismiss an "unfairly constituted jury" in that the "jury did not proportionately represent the percentage" of African-Americans that are part of the population of Hamilton County, is overruled. Scott is not entitled to a petit jury that reflects a statistically perfect cross-section of the community. See Lockhart v. McCree (1986), 476 U.S. 162,106 S.Ct. 1758; State v. Esparga (1988), 39 Ohio St.3d 8,529 N.E.2d 192. Scott failed to show that the under-representation of African-Americans generally and on his venire was due to their systematic exclusion in the jury-selection process. See Duren v.Missouri (1979), 439 U.S. 357, 99 S.Ct. 664; State v. Fulton
(1991), 57 Ohio St.3d 120, 566 N.E.2d 1195. "The use of voter registration rolls as exclusive sources for jury selection is constitutional." State v. Moore (1998), 81 Ohio St.3d 22, 28,689 N.E.2d 1, 9.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ DOAN, PRESIDING JUDGE
 PAINTER and SUNDERMANN, JJ.