[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Defendant-appellant's name also appears as Raymon Anderson in portions of the record.
 JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Ramone Anderson appeals from his conviction, following a jury trial,[2] for felonious assault in violation of R.C. 2903.11(A)(2), with an accompanying firearm specification, and from his conviction, following a bench trial, for having a weapon while under disability in violation of R.C. 2923.13(A)(2). Anderson was sentenced as appears of record. He raises four assignments of error for our review.
{¶ 3} In his first assignment of error, Anderson argues the trial court erred in overruling his motions for a mistrial when the assistant prosecuting attorney elicited testimony from a state's witness about Anderson's prior bad acts.
{¶ 4} Evid. R. 404(B) prohibits the admission of a defendant's prior crimes, wrongs, or acts in order to show that the defendant has a propensity toward the commission of a crime. When evidence tending to show that a defendant has committed other independent crimes is improperly admitted into evidence, a mistrial may be appropriate.[3] "However, a curative instruction is an appropriate remedy, rather than a mistrial, for inadvertent answers given by a witness to an otherwise innocent question."[4] Thus, when a trial court sustains an objection and gives a curative instruction, that has been held sufficient in some cases to cure the taint from an improper statement.[5]
{¶ 5} During the trial, defense counsel made a motion for a mistrial following two separate statements made by Cincinnati Police Specialist Dennis Ficker on direct examination. The first statement occurred when the assistant prosecuting attorney asked Ficker about the circumstances of the victim's identification of Anderson's photograph. Ficker stated that he was surprised when the victim, Sean Howard, identified Anderson as the shooter, because he thought Anderson was in jail. The trial court sustained defense counsel's objection to this statement, overruled defense counsel's motion for a mistrial, and issued a curative instruction to the jury.
{¶ 6} The second statement occurred when Ficker was telling the jury about his interview with Anderson. When the assistant prosecuting attorney asked Ficker to clarify a prior statement, Ficker responded, "Well, the last case, you just ple[a]d[ed] guilty to aggravated assault." Defense counsel again objected and moved for a mistrial. The trial court sustained defense counsel's objection, denied the motion for a mistrial, and issued a curative instruction to the jury.
{¶ 7} Given that Ficker's comments, although improper, were inadvertent, that the trial court sustained defense counsel's objections to both statements, and that the trial court subsequently issued curative instructions to the jury, we cannot say the court erred in overruling Anderson's motions for a mistrial. Consequently, we overrule the first assignment of error.
{¶ 8} In his second assignment of error, Anderson argues the trial court erred in entering a judgment of conviction when the trial was replete with prosecutorial misconduct. Anderson acknowledges that because his trial counsel did not object to any of these alleged instances of prosecutorial misconduct, he has waived all but plain error. Thus, in order to reverse Anderson's conviction for prosecutorial misconduct, we must be persuaded that Anderson would not have been convicted but for the alleged misconduct.[6]
{¶ 9} Anderson first claims that the prosecutor engaged in misconduct when making the following statement in closing argument: "[B]oth of those people know the defendant, picked out of a very thick stack of photographs." Anderson next claims the prosecutor improperly shifted the burden of proof when commenting on defense counsel's admission of a 911 tape as evidence. Finally, Anderson argues that the assistant prosecuting attorney impermissibly interjected his personal opinion into closing argument when he proposed a hypothetical theory for the lack of fingerprint testimony by police on an unused bullet recovered from the scene of the shooting, and then claimed that the episode "really happened."
{¶ 10} Having reviewed the record, we cannot say that these three statements rose to the level of plain error. The prosecutor's comment about "both those people," although inaccurate, was isolated and harmless when viewed in light of Howard's unwavering identification. Moreover, the prosecutor's comments about the 911 tape were not inappropriate because they summarized the weight of the evidence. The prosecutor's third comment that its hypothetical theory for the lack of fingerprint testing "really happened" was clearly improper. But we cannot say that this statement alone denied Anderson a fair trial. As a result, we overrule the second assignment of error.
{¶ 11} In his third assignment of error, Anderson claims that the evidence supporting his conviction for felonious assault under R.C.2903.11(A)(2) was insufficient and that the trial court should have granted his Crim.R. 29 motion for acquittal. In his fourth assignment of error, Anderson claims that his conviction for felonious assault was against the manifest weight of the evidence. We disagree.
{¶ 12} Crim.R. 29 provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." In testing the sufficiency of the evidence, this court looks at the evidence presented in the light most favorable to the prosecution and determines if any rational trier of fact could have found that all the essential elements of the offense were proved beyond a reasonable doubt.[7] In determining whether a conviction was against the manifest weight of the evidence, we must review all of the evidence to see whether the trier of fact lost his way and created a manifest miscarriage of justice.[8]
{¶ 13} In viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found that the state proved the elements of felonious assault beyond a reasonable doubt. Testimony from Howard was sufficient to establish that Anderson had caused him serious physical harm by means of a deadly weapon. Howard testified that he and two friends had driven to the Glencoe area of Mt. Auburn. When his friend parked the car and began talking to an acquaintance, Howard exited from the car and talked to a group of men for several minutes. Howard testified that, after talking to Anderson, who was a member of the group, he turned to walk back to the car. When Anderson began walking toward the car and pointing a gun, Howard testified, he hid behind a tree. Anderson fired several shots and seemed to run out of bullets. Howard testified that when the shooting stopped, he emerged from behind the tree and began walking toward Anderson, asking him why he was shooting. At that time, another individual handed Anderson another gun. Howard testified that he turned and ran, but was shot in the left leg. He further testified that the bullet went through his left leg and ended up in his right leg. Howard testified that he subsequently identified Anderson from a large stack of photographs provided by police.
{¶ 14} Even though Howard admitted on cross-examination that his back was to Anderson when he was shot, the jury apparently believed Howard's testimony that Anderson was the shooter. Because the test for sufficiency is whether the testimony, if believed, could support a conviction for the offense with which the defendant is charged, Howard's testimony, which the jury apparently believed, was sufficient to sustain Anderson's felonious-assault conviction. Consequently, we cannot say the trial court erred in denying Anderson's Crim. R. 29 motion for acquittal.
{¶ 15} Anderson next argues that his conviction for felonious assault was against the manifest weight of the evidence, because the state failed to present any physical evidence linking him to Howard's shooting. Specialist Ficker testified that there was little if any physical evidence because there was no victim, no gun, no fingerprints, and no witnesses when police arrived on the scene. Although we recognize that the lack of this evidence tended to weaken the state's case, the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact. Given the testimony of the state's witnesses, we cannot say that, the jury lost its way and created such a manifest miscarriage that Anderson's conviction for felonious assault must be reversed. As a result, we overrule the third and fourth assignments of error. Consequently, we affirm the judgment of the trial court.
{¶ 16} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[2] Anderson was acquitted by the jury of a second count of felonious assault in violation of R.C. 2903.11(A)(1) and its accompanying gun specification.
[3] See State v. Breedlove (1971), 26 Ohio St.2d 178, 183,271 N.E.2d 238; State v. Hector (1969), 19 Ohio St.2d 167,249 N.E.2d 912.
[4] See State v. Mobley, 2nd Dist. No. 18878, 2002-Ohio-1534, at ¶ 12.
[5] See id.
[6] See State v. Slagle (1992), 65 Ohio St.3d 597, 604-605,605 N.E.2d 916.
[7] State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717; Statev. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
[8] Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; Thompkins, supra.