{¶ 60} I fully concur in the majority's analysis and disposition of appellant's third, fourth, fifth, and sixth assignments of error. I further concur in the majority's disposition of appellant's first and second assignments of error. However, I do so, in part, for different reasons.
 {¶ 61} As to appellant's first assignment of error, the majority apparently overrules appellant's argument relating to the photograph of appellant used in the photo lineup presented to Jones because the photograph did not violate the standard set forth in State v. Wilkinson
(1971), 26 Ohio St.2d 185 or State v. Breedlove (1971), 26 Ohio St.2d 178.I believe the majority misinterprets appellant's argument. It is not that the photograph itself was suggestive of prior criminal involvement, but rather reference to it was suggestive of prior criminal involvement because Sgt. Angelo testified he obtained appellant's photograph from the Stark County Jail. Because the trial court gave a curative instruction relative to the source of the photograph, I find no prejudicial error occurred from Sgt. Angelo's statement.
 {¶ 62} As to Sgt. Angelo's testimony regarding the identification of appellant by anonymous phone calls based upon the photograph in the newspaper, I concur in the majority's analysis such evidence was properly admitted, not as substantive evidence, but because the trial court instructed the jury the only purpose of such testimony was to show how the officers went from one stage of the investigation to another. However, the same cannot be said as to Sgt. Angelo's testimony concerning the identification of appellant by other roll call patrol officers after viewing the still photographs produced from the store surveillance videotape. No instruction was given to the jury concerning the limited use to be given this testimony. Although arguably not offered to prove the truth of the matter asserted, but rather to explain police procedure, the jury was free to use this testimony as substantive evidence of appellant's guilt, in violation of the hearsay rule. Appellee makes the argument the photographs were not offered to prove appellant was the robber, but rather to explain subsequent investigation; therefore, such evidence was not hearsay. However, appellee inconsistently argues earlier in its brief one of the ways appellant was identified as the robber was by the still photographs shown to the patrol officers at roll call. (See Appellee's Brief at 7-8.) Such use for identification is substantive and implicates the hearsay rule. Nevertheless, because appellant did not object to this specific portion of Sgt. Angelo's testimony, any error in admission of this testimony must be reviewed under a plain error analysis. I conclude, in light of all the evidence, any error in admission of the identification of appellant by the other roll call patrol officers did not amount to plain error.
 {¶ 63} As to appellant's second assignment of error, I concur with the majority's analysis and disposition relative to the introduction of testimony appellant was on parole. As to appellant's counsel's failure to produce an alibi witness after having told the jury he would do so in opening statement, I am unwillingly to conclude such represents sound trial strategy.[1] Nevertheless, I would overrule this claim based upon appellant's inability to demonstrate prejudice. The record before this Court does not contain evidence as to what appellant's alibi witness would have testified.
JUDGE WILLIAM B. HOFFMAN.
[1] The majority recites appellee's suggestion the decision to withdraw the alibi motion was sound trial strategy, but it does not specifically indicate its agreement or disagreement with the same. The majority immediately thereafter conclusory finds the record does not show defense counsel was ineffective. Thus, the majority opinion could be interpreted as agreeing with appellee's suggestion of sound trial strategy.