In early 1998, Jeff Parker was living with Stan Lewis and his girlfriend, Tammy Heilman, in East Canton, Ohio. Because the relationship between Mr. Parker and Mr. Lewis had broken down, Mr. Parker planned to move out of the residence.
In the early morning hours of March 2, 1998, Mr. Parker, together with his two friends, Jason Eddy and Lamont Williams, went to the residence to collect his belongings. Mr. Lewis was in the residence and an argument between Mr. Lewis and Mr. Parker ensued. At this time, appellant, Leo Knighton, appeared and joined the argument. Thereafter, Mr. Lewis and appellant left the residence in Ms. Heilman's vehicle. Mr. Parker and his friends left in their vehicle.
While driving towards Canton, Mr. Parker and his friends noticed Mr. Lewis and appellant following them. Mr. Parker and his friends drove to Mr. Williams's mother's home and parked their vehicle. Mr. Lewis and appellant followed and parked their vehicle. An argument ensued. Appellant produced a shotgun, lowered it towards the sidewalk and fired. Pellets from the blast hit Mr. Parker in his lower and upper legs.
On May 18, 1998, the Stark County Grand Jury indicted appellant on one count of felonious assault with a firearm specification in violation of R.C. 2903.11 and R.C. 2941.141. A jury trial commenced on June 29, 1998. The jury found appellant guilty as charged. By judgment entry filed July 7, 1998, the trial court sentenced appellant to a definite term of four years in prison plus a three year term for the firearm specification.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT'S ADMISSION OF HEARSAY STATEMENTS OF A NON TESTIFYING WITNESS DENIED THE APPELLANT HIS RIGHT TO CONFRONTATION GUARANTEED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.
II
 THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION BY TRIAL COUNSEL'S CONTINUED FAILURE TO OBJECT TO INADMISSIBLE HEARSAY STATEMENTS.
III
 THE CONVICTION OF THE APPELLANT ON ONE COUNT OF FELONIOUS ASSAULT WITH A FIREARM SPECIFICATION WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.
IV
 THE TRIAL COURT COMMITTED PLAIN ERROR IN THE ADMISSION OF A POLICE MUG SHOT OF THE APPELLANT SHOWING POLICE IDENTIFICATION NUMERALS.
V
 THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION BY TRIAL COUNSEL'S FAILURE TO REQUEST THE TRIAL COURT TO SEVER THE TRIALS OF APPELLANT AND APPELLANT'S CO-DEFENDANT AND BY TRIAL COUNSEL'S FAILURE TO REQUEST THE TRIAL COURT TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT.
VI
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO MAKE FINDINGS REQUIRED BY R.C. 2929.14(B) BEFORE SENTENCING APPELLANT TO A PRISON TERM BEYOND THE STATUTORY MINIMUM FOR A FELONIOUS ASSAULT CONVICTION.
 I, II
Appellant claims the trial court erred in admitting two tape recordings between his co-defendant, Mr. Lewis, and Sergeant Baroni because Mr. Lewis's statements therein were hearsay, and his trial counsel was ineffective in not objecting to the statements. We disagree.
Because no objections were made to the tape recordings, we are forced to review this assignment of error under the plain error standard. State v. Maurer (1984), 15 Ohio St.3d 239;State v. Williams (1977), 51 Ohio St.2d 112. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating the outcome of the trial clearly would have been different but for the error. Crim.R. 52(B). Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91.
As for the ineffective assistance of counsel claim, our standard of review is set out in State v. Bradley (1989),42 Ohio St.3d 136, 142, certiorari denied, 110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition,
2) [P]rejudice arises from counsel's performance.
Appellant must further establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696.
The two tape recordings contain the "cross-examination" of Mr. Lewis wherein hearsay statements by the victim, Mr. Parker, were inferred by Sergeant Baroni's questions. For example, appellant argues the hearsay statements included the allegation that appellant had been involved in a physical confrontation with Mr. Parker at Hot Shots prior to the shooting incident:
 BARONI: He [Mr. Parker] said you guys asked him to step outside then it became a physical altercation. He says he leaves the scene, you guys attempted to jump on him. Then he says he went to pick up two of his buddies and they went to your house on Woodland Park after he picked up his two buddies.
* * *
 BARONI: Well it goes on here. When they arrived at Woodland Park LEO and SONNY, you guys got involved in another physical confrontation there. Then he says they all leave and they go over to this other, LAMONT's house. He says when they got there that you and LEO were waiting for them.
 March 27, 1998 T. at 3 and 4, respectively, attached to Appellee's Brief as Exhibit 2.
Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is inadmissible (Evid.R. 802) unless it falls under one of the exceptions to the hearsay rule (Evid.R. 804). We note Mr. Parker did not testify at trial and no attempt was made to claim Mr. Parker under the "unavailable witness" exception.
If the tape recordings were used only against Mr. Lewis, then the statements would qualify as an admission of a party-opponent. Evid.R. 801(D)(2). However, if the trials had been severed, the statements would not have been admissible in appellant's trial under Evid.R. 801(D)(2). We note defense counsel failed to move under Crim.R. 14 to sever the trials of appellant and Mr. Lewis.
Because defense counsel failed to object to the tape recordings and to move for severance, we conclude defense counsel's performance did indeed fall below an objective standard of reasonable representation. Our next inquiry is whether these errors created prejudice to appellant.
At trial, two witnesses to the actual shooting testified appellant was the shooter. Mr. Eddy testified while in East Canton, he saw appellant pull out a .12 gauge shotgun and put it to Mr. Parker's face, and heard appellant tell Mr. Parker he would shoot him in the face and kill him. T. at 148, 150. The parties continued to argue until Mr. Parker left in a vehicle with Mr. Eddy and Mr. Williams. Appellant and Mr. Lewis followed them with the weapon in tow. T. at 151, 155. Once in Canton, Mr. Parker got out of his vehicle and approached appellant's vehicle. The argument resumed. Appellant exited his vehicle with the shotgun in hand, placed the shotgun within a few feet of Mr. Parker's face, lowered the shotgun and pulled the trigger, hitting Mr. Parker in the legs. T. at 157-159. Appellant then pointed the shotgun at Mr. Eddy and Mr. Williams and threatened to shoot them. T. at 159. Mr. Williams also testified to seeing and hearing appellant argue with Mr. Parker and threaten him with a shotgun while in East Canton. T. at 192-193. Once in Canton, Mr. Williams heard appellant threaten to blow up Mr. Parker, and saw appellant discharge the shotgun toward the ground, hitting Mr. Parker. T. at 196-198. Mr. Williams then heard appellant threaten to kill all of them. T. at 199. Christine Reardon, Mr. Lewis's sister, testified appellant admitted to her "that him and my brother was involved in a shooting, that they shot him * * *." T. at 237.
Although defense counsel's performance fell below an objective standard of reasonable representation, we find no prejudice to appellant given the eyewitness testimony and appellant's own admission to Ms. Reardon.
Assignments of Error I and II are denied.
 III
Appellant claims the verdict was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant was convicted of felonious assault in violation of R.C. 2903.11 which states as follows:
(A) No person shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
Appellant argues because the shotgun was not discharged directly at Mr. Parker but instead lowered to the ground, he did not "knowingly" commit the offense. The trial court charged the jury on "knowingly" as follows (T. at 300-301):
 * * * A person acts knowingly regardless of his purpose when he is aware this (sic) his conduct will probably cause a certain result or he is aware that his conduct will probably be of a certain nature.
 A person has knowledge of circumstances when he is aware that such circumstances probably exist. Knowingly means that a person is aware of the existence of the facts and that his acts will probably cause a certain result or be of a certain nature.
 Since you cannot look into the mind of another, knowledge is determined from all the facts and circumstances in evidence. You will determine from these facts and circumstances whether there existed at the time in the mind of the Defendant an awareness of the probability that his conduct would result in causing physical — aiding or abetting another would result in causing physical harm to another by means of a deadly weapon.
As already noted, two witnesses testified to the events in East Canton, appellant threatening Mr. Parker and placing the shotgun in Mr. Parker's face. Appellant then followed Mr. Parker to Canton and again threatened Mr. Parker and pointed the shotgun at him prior to discharging the weapon. In addition, after Mr. Parker was hit, appellant brandished the shotgun and threatened to shoot the two eyewitnesses.
Upon review, we find sufficient evidence, if believed, to support appellant's conviction and no manifest miscarriage of justice.
Assignment of Error III is denied.
 IV
Appellant claims it was plain error to admit his police mug shot because the police identification numerals thereon created an unreasonable inference that appellant had a prior criminal history. We disagree.
Appellant argues plain error, conceding no objection was made to the mug shot. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating the outcome of the trial clearly would have been different but for the error. Crim.R. 52(B); Long.
On direct examination, Sergeant Baroni testified he showed a photo line-up to Mr. Eddy and Mr. Williams and one photograph was of appellant. T. at 254. Mr. Eddy and Mr. Williams had earlier testified to their identification of appellant. T. at 150, 163, 188-189. In addition, Ms. Reardon had testified to appellant's admission to her. T. at 237. It is questionable whether Sergeant Baroni's testimony was relevant once identification was made in open court and appellant's admission to his involvement was in evidence. Furthermore, admission of photographs with police identification numerals has been found to be erroneous when they create a reasonable inference with the jury of a defendant's criminal history. State v. Breedlove
(1971), 26 Ohio St.2d 178.
Although we find Sergeant Baroni's testimony questionable, we find the admission of appellant's mug shot does not rise to the level of plain error given the two identifications, appellant's admission to Ms. Reardon and the defense strategy the shooting was a mere act of negligence.
Assignment of Error IV is denied.
 V
Appellant claims his trial counsel was ineffective by failing to move for severance of the trials and to request a jury charge on aggravated assault. We disagree.[1]
As we found in Assignments of Error I and II, defense counsel's performance in failing to move for severance did fall below an objective standard of reasonable representation however, we found no prejudice to appellant. The evidence established appellant threatened Mr. Parker with a shotgun, followed him, pointed the shotgun at him and discharged the weapon toward the ground. After firing the shotgun, appellant threatened the two eyewitnesses. We find no evidence to suggest the result of the proceedings would have been different had appellant been tried separately.
Appellant also argues his trial counsel should have requested a jury charge on the lesser included offense of aggravated assault. Aggravated assault includes the additional element "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force." R.C. 2903.12. Given the testimony presented, the trial court instructed on the lesser included offense of negligent assault. Negligent assault differs from felonious assault and aggravated assault by the degree of culpability needed for conviction. Negligent assault's culpability is "negligently" causing as opposed to "knowingly." R.C. 2903.14. The charge of negligent assault fit within the fact pattern argued that the shotgun discharged after appellant lowered it toward the ground. Appellant's trial strategy was based upon the theory appellant's lapse of due care in lowering the shotgun caused the inadvertent discharge of the weapon. T at 120, 334-335. Defense counsel argued appellant was the cool one during the persistent argument with a "loud mouthed drunk Jeff Parker." T. at 330. An Instruction on aggravated assault would have given the jury one more option to convict appellant of a more serious offense than negligent assault. We note this court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post
(1987), 32 Ohio St.3d 380, 388. Defense counsel did not err in failing to request a jury charge on aggravated assault.
Assignment of Error V is denied.
 VI
Appellant claims the trial court erred in sentencing him. Specifically, appellant claims the trial court failed to make the required findings under R.C. 2929.14(B) before sentencing him beyond the statutory minimum sentence. We disagree.
R.C. 2929.14(B) states as follows:
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the Revised Code, or in Chapter 2925, of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Remley (November 30, 1998), Stark App. No. 1998CA00146, unreported, this court rejected the trial court's sentence because of inadequate findings to support the sentence beyond the minimum. Although appellant argues Remley implies the "magic words" of R.C. 2929.14(B) must be used, we find sentencing findings can be gleaned from a specific fact oriented narrative by the trial court. The trial court's findings sub judice are specifically fact oriented:
 Again for the reasons the Court stated, the use of the weapon, the continued pursuit, the ultimate shooting in the neighborhood on 11th Street, the Court finds that the appropriate sentence would be four years on the one count of felonious assault as a principal offender and I will order that sentence to be imposed. And I will further order that you serve a period of three years mandatory on the gun specification for a total period of incarceration of seven years.[2]
T. at 377.
Although the precise wording of the statute is absent, we find the trial court's statements and the sentencing decision comply with R.C. 2929.14(B).
Assignment of Error VI is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] This assignment and Assignment of Error VI were raised via a supplemental brief filed after the initial brief. By judgment entries filed December 8, 1998 and January 11 and 21, 1999, this court granted leave to so file. Appellee responded to said assignments in its brief.
[2] In sentencing Mr. Lewis, the trial court specifically pointed out the seriousness of a pursuit with a loaded weapon at 1.00 a.m. on a darkened inner city street. T. at 373.