[Cite as *State v. Stults*, **2019-Ohio-657.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals Nos. L-18-1036

      Appellee                                      Trial Court Nos.  CR0201703012

v.

Ricky Kenneth Stults                              **DECISION AND JUDGMENT**

      Appellant                                    Decided:  February 22, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Ricky Stults, appeals the April 9, 2018 judgment of the Lucas

County Court of Common Pleas, where he was convicted of burglary in violation of R.C.

2911.12(A)(1) and (D), a felony of the second degree.  Finding no error, we affirm.

## Assignments of Error

I.  The court abused its discretion by denying appellant's motion for acquittal pursuant to Crim.R. 29 when there was no positive identification of appellant in the court room.

II.  Appellant's conviction for burglary, a felony of the second degree, was against the sufficiency and manifest weight of the evidence.

III.  Appellant received ineffective assistance of counsel because defense counsel did not file a motion in limine objecting to the introduction of evidence which was intended to implicate defendant in a prior criminal matter.

## Background

{¶ 2} On August 12, 2017, appellant was alleged to have entered into the business establishment NINE in Toledo, Ohio, without authorization.  The restaurant building ("building") was closed to the public, and various employees were present.  Appellant was allegedly captured on video by security cameras consuming and taking various items.

{¶ 3} On November 17, 2017, appellant was indicted for burglary in violation of R.C. 2911.12(A)(1) and (D), a felony of the second degree.  Appellant pled not guilty and the matter proceeded to trial.

{¶ 4} At trial, a NINE staff member, a patrol officer, and a detective testified.  Photographic evidence from the scene of the crime was presented and submitted in the

2.

record and, on February 14, 2018, the jury found appellant guilty of burglary. The matter was set for sentencing on February 23, 2018.

{¶ 5} At sentencing, the trial court determined that, because appellant had been previously found guilty and convicted of burglary, R.C. 2929.13(F)(6) applied. As a result, the trial court sentenced appellant to a mandatory prison term of eight years.

{¶ 6} The sentencing entry was journalized on February 26, 2018. This journal entry incorrectly reflected that appellant was convicted under R.C. 2911.12(A)(2) and (D). A nunc pro tunc entry reflecting the proper code section was journalized April 9, 2018. Appellant now appeals.

**Assignment of Error Nos. I and II**

{¶ 7} In his first and second assigned errors, appellant asserts there was neither sufficient nor competent, credible evidence for the court to have proceeded to the jury, for the jury to have found him guilty, or for the court to have convicted him. Appellee asserts there was sufficient and competent, credible evidence to support the verdict and conviction.

{¶ 8} Crim.R. 29 motions for acquittal are reviewed under the same standard as a sufficiency of the evidence claim. *State v. Hollstein*, 6th Dist. Lucas No. L-08-1184, 2009-Ohio-4771, ¶ 28. Whether there is sufficient evidence to support a conviction is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing a challenge to the sufficiency of evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-

3.

of-fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal quotations omitted.) *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). Appellate courts will not weigh evidence or assess credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

{¶ 9} In reviewing the manifest weight of the evidence, the court is to determine whether the greater amount of credible evidence supports the conviction. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, citing *Thompkins* at 387. This court, as if the "thirteenth juror" must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *See State v. Steed*, 6th Dist. Wood No. WD-15-069, 2016-Ohio-8088, ¶ 51, citing *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio 6048, 943 N.E.2d 1092 (6th Dist.).

{¶ 10} In this case, appellant specifically challenges the sufficiency and manifest weight of the evidence because he argues appellee failed to provide an open court, positive identification of him as the perpetrator shown in the surveillance video and photos submitted in the record. Appellant asserts no other evidence, including fingerprints or DNA test results, linked him to the crime. Appellant argues that appellee's entire case depended on the developed description of the perpetrator from the camera footage, and that at trial no one properly identified him as the individual in the

4.

footage. Appellant notes that it is axiomatic that a conviction requires an identification of the accused.

{¶ 11} Appellee counters, specifically arguing that Ohio law imposes no requirement that a criminal defendant be visually identified in court. Appellee asserts that the photographic evidence is a silent witness which speaks for itself and is substantive evidence of what it portrays independent of a sponsoring witness. Appellee further notes that Detective William White testified about appellant's appearance, clothing, personal belongings, and demeanor, and testified that he was sure appellant was the perpetrator seen in the video.

{¶ 12} White's identification was based on appellant having matching clothing, backpack, and flashlight. Appellee, lastly, concludes that the jury was left to determine what weight to give the photographic evidence and identification because the evidence was admitted without objection.

{¶ 13} R.C. 2911.12(A)(1) provides that "[n]o person, by force, stealth, or deception, shall * * *[t]respass in an occupied structure * * *, when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense[.]" *See State v. McCreary*, 6th Dist. Lucas No. L-15-1206, 2016-Ohio-4753, ¶ 11. Division (D) of that section follows with, "[w]hoever violates division (A) of this section is guilty of burglary, and a "violation of division (A)(1) or (2) of this section is a felony of the second degree." An "occupied structure" is any building when

5.

"any person is present or likely to be present in it."  *See* R.C. 2911.12(D); R.C. 2909.01(C)(4).

{¶ 14} Here, we find surveillance recordings and photographs submitted in the record show the perpetrator entering and roaming the building, and helping himself to items while there.  Testimony from the operation manager for NINE, Joshua Porter, revealed that the perpetrator was not welcomed as he entered an unlocked door of the building and while employees were present, all in an effort to commit numerous thefts.  We are satisfied the perpetrator committed a burglary as defined in R.C. 2911.12(A)(1).  The question then becomes was there sufficient and competent, credible evidence to support that the perpetrator was indeed appellant.

{¶ 15} Detective White testified he was 100 percent sure that the individual in the photographs and recordings was appellant.  Our review of the record reveals White based his identification on a past interview and investigation of another crime appellant allegedly committed.  White testified appellant had the same clothing, backpack, flashlight, and demeanor as the perpetrator, and we find no issue with the identification.  *See* R.C. 2945.55 ("When identification of the defendant is an issue, a witness who has on previous occasion identified such person may testify to such previous identification.").

{¶ 16} The jury agreed with White and determined the circumstantial evidence was sufficient to find appellant was indeed the perpetrator.

{¶ 17} With respect to the sufficiency of the evidence in the record, we note that "[c]ircumstantial evidence of a crime has the same probative value as direct evidence and

6.

is sufficient to prove the elements of a criminal case." *McCreary*, 6th Dist. Lucas No. L-15-1206, 2016-Ohio-4753, at ¶ 20, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. We find the circumstantial evidence in the record sufficient, because viewing it in a light favorable to the prosecution leads us to determine that any rational trier-of-fact could have found the essential elements of burglary proven beyond a reasonable doubt. *See* R.C. 2911.12(A)(1), *supra*.

{¶ 18} With respect to our analysis of the manifest weight of the evidence, it is understood that "[w]hen considering circumstantial or direct evidence, 'a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference.'" *Id.*, quoting *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Moreover, this court "must give due deference to the findings made by the jury." *Id.*, citing *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. Consequently, we cannot say that the circumstantial evidence weighs heavily against convicting appellant, and there is nothing in the record to find the jury lost its way or that a manifest miscarriage of justice resulted in the jury's finding of guilt.

{¶ 19} Accordingly, appellant's first and second assignments of error are not well-taken.

### Assignment of Error No. III

{¶ 20} In appellant's third assigned error, he asserts he had no effective assistance of counsel because appellee failed to provide notice of its plan to use 404(B) evidence, and that his counsel did not file a motion in limine to preclude admission of such

7.

evidence. Appellee contends the 404(B) evidence was offered to show identity of the perpetrator and that, because appellant had access to appellee's open file during discovery, any error related to its failure to notify of such use of the 404(B) evidence was cured.

{¶ 21} In evaluating ineffective assistance of counsel claims, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674, 693 (1984). A court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶ 22} In this case, appellant specifically argues that he did not receive effective assistance because counsel "made no attempt to suppress the testimony about [his] identification being linked to a suspect in a different case who was wearing substantially the same clothing, and which Detective William White in the case used as the basis for his identification." Appellant notes how White testified that he had interviewed appellant a day or two before viewing the surveillance video, and that appellant was wearing similar clothing to those worn by the suspect in the video. Appellant argues counsel's failure to object to this testimony resulted in prejudice because, "without the testimony

about similar clothing, and without a positive identification in the court room, there was no evidence introduced that appellant was the suspect in the case."

{¶ 23} Appellee responds, specifically asserting that the video spoke for itself and that counsel did not commit error in failing to challenge the 404(B) evidence because such challenge would have been futile. Appellee notes that it provided appellant with open-file discovery, which it argues, provided "reasonable notice in advance of trial" of its intent to use the 404(B) evidence. Appellee otherwise concedes it used 404(B) evidence, and that it did not provide formal notice of its intent to introduce that evidence.

> **(B) Other crimes, wrongs or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.* (Emphasis added.)

*Compare State v. Nuzum*, 6th Dist. Lucas No. L-15-1122, 2016-Ohio-2744, *with State v. Kelley*, 2017-Ohio-4475, 83 N.E.3d 990 (6th Dist.).

{¶ 24} We first note that we are not persuaded by appellee's contention that open-file discovery cures any failure to provide notice in compliance with Evid.R. 404(B). As

articulated in dicta of *State v. Plevyak*, 11th Dist. Trumbull No. 2013-T-0051, 2014-Ohio-2889, "[t]here is a difference between a defendant knowing the state possesses 'other acts' evidence and a defendant knowing the state intends to use it at trial." *Plevyak* at ¶ 18. Moreover, "[a] defendant's decision to go forward at trial may well depend on what evidence the state intends to introduce[,] and "[i]f providing discovery alone were sufficient to satisfy the notice requirements of Evid.R. 404(B)[,] the rule would be superfluous." *Id*.

{¶ 25} Nevertheless, even accepting that appellee here failed to provide proper notice of its intent to use 404(B) evidence, and that appellant's counsel failed to meet an essential duty to his client by not objecting to such use, appellant has to show he was prejudiced. To do so, appellant must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 26} Here, appellant argues that appellee's evidence which referenced the perpetrator's possible prior criminal involvement in an unrelated matter constituted prejudicial error. He specifically points to testimony of Detective White, arguing that it provided the jury with impermissible inferences. At trial, the testimony was elicited and set forth in the record, as follows:

> [Appellee]: Okay. So Officer Eilerts said he completed a general offense report?

[White]: Correct.

[Appellee]: And passed it on to you, did you review that report?

[White]: I did.

[Appellee]: Okay. And had as a detective, I'm sorry, Officer Eilerts said it had a name in it; is that correct?

[White]: It did.

[Appellee]: That was for Ricky Stults?

[White]: Correct.

[Appellee]: And it had a description of his clothing?

[White]: Yes.

[Appellee]: And a description of him?

[White]: Yes.

[Appellee]: And you said you had encountered the defendant a couple days prior; is that correct?

[White]: The day prior.

[Appellee]: The day prior, okay. And you had a chance to either interview him or watch him being interviewed; is that correct?

[White]: Correct.

[Appellee]: Okay. And during that interview was there anything about his appearance that seemed relevant to the case that we had before the jury today?

[White]:  Yes.

[Appellee]:  And what was the relevance and what did you see?

[White]:  During the interview I was assisting another detective, actually training him, on a theft case from a store where he was apprehended.  And during that interview I recall that he was wearing a very similar, if not identical, clothing that was described in the general offense report as well as the fact that he appeared to be the same person in the video, in that video that I watched when I finally did get it, and in that video he was wearing a mustache at that time.

[Appellee]:  Okay.  So summarize what you're saying there a little bit.  You saw him the day prior, the defendant?

[White]:  Correct.

[Appellee]:  And he was wearing clothing that seemed to match the clothing that he was wearing in the burglary in your case?

[White]:  Correct.

{¶ 27} In addition to this testimony, White further elaborated on appellant's appearance based on his past investigatory interview.

{¶ 28} Appellant argues that absent impermissible inferences relating to criminal propensities and linking past criminality derived from this testimony, his trial outcome would have been different.  Appellant hence concludes that the failure to object or

attempt to suppress the evidence was prejudicial. He directs this court to *State v. Breedlove*, 26 Ohio St.2d 178, 271 N.E.2d 238 (1971), to support his position.

{¶ 29} The *Breedlove* court found that "under the circumstances" in that case, it was "unjustifiable for the state, on direct examination, to present police mug shots, bearing police identification numbers, from which a reasonable inference can be drawn that the defendant, at some indefinite time in the past had had trouble with the law." *Id.* at 184.

{¶ 30} In *Breedlove*, the prosecution, "in an effort [to] bolster the in-court identification by the state's witnesses of Breedlove as the perpetrator[,]" presented "evidence of an out-of-court selection by the witnesses of appellant's photograph from a group of mug shots[.]" *Id.* at 181. Mr. Breedlove argued the trial court allowing the testimony and pictures into evidence resulted in reversible error. *Id.* The *Breedlove* court agreed. *Id.* at 184.

{¶ 31} The *Breedlove* court began its analysis by referencing R.C. 2945.55, *infra*, there recognizing that "[u]nder proper circumstances, an out-of-court identification is admissible when defendant's identity is an issue." *Id.* at 181. The court stated that the "first question" was "whether, under R.C. 2945.55, testimony concerning an out-of-court identification of the accused from a selection of photographs is admissible in evidence." *Id.* The follow-up question was: "if such identification is admissible, may mug shot from police files, with police numbers thereon, be so used and later admitted in evidence?" *Id.* at 182.

13.

**{¶ 32}** In answering these questions, the *Breedlove* court held that it was unjustifiable for the state to present the evidence. *Id*. at 184. The court stated that "[e]vidence of prior criminal involvement must satisfy the requirements of R. C. 2945.59," which the court found the photographs submitted in the record did not. *Id*.

**{¶ 33}** Appellee counters by pointing to *State v. Grega*, 11th Dist. Ashtabula No. 2012-A-0036, 2013-Ohio-4094, where the trial court's ruling that an officer's identification of the defendant despite reference to the defendant's prior criminality was not reversible error. The *Grega* court, after recognizing the exceptions stated in 404(B), explained that "[u]nder the 'identity' exception in the foregoing rule, testimony regarding a police officer's prior encounter with the defendant is admissible for purposes of showing why the officer was able to recognize him." *Id*. at ¶ 41, citing *State v. Tuff*, 11th Dist. Lake Nos. 2010-L-082 and 2010-L-083, 2011-Ohio-6846, ¶ 46.

**{¶ 34}** Appellant urges us to apply the rationale and holding of *Breedlove*, and appellee urges us to apply the rationale and holding of *Grega*.

**{¶ 35}** Initially, we agree the photographic evidence and testimony submitted in the record in this case were admissible under the "identity" exception recognized in Evid.R. 404(B). We note Evid.R. 404 was not enacted in 1971, when *Breedlove* was released.

**{¶ 36}** Further, we find that appellee failed to notify appellant of its intended use of the 404(B) evidence, but that there exists no reasonable probability that the result of the trial would have been different.

14.

{¶ 37} We look to two of our recent cases to reach this determination.

{¶ 38} First, in *State v. Kelley*, 2017-Ohio-4475, 83 N.E.3d 990 (6th Dist.), we reversed the trial court's holding and determined that in those unique circumstances the prosecution's introduction, without notice, of evidence of acts germane to the offense charged, which occurred outside the period set forth in the indictment, constituted plain error. *Id.* at ¶ 1.

{¶ 39} In an effort to prove Kelley took part in fraudulently applying and maintaining Medicaid benefits, the state introduced evidence of other allegedly fraudulent acts of his. These other acts were wholly unrelated to the charges in the case and were actually from a time period outside of the dates of the indictment. Kelley argued in relevant part that "admission of the evidence was prejudicial and would have 'confused the jury as to [his] guilt on the conduct charged.'" *See id.* at ¶ 43. The state countered, arguing that the other acts evidence was admissible under Evid.R. 404(B) and R.C. 2945.59. The state further argued that notice of its intent to use the 404(B) evidence was not required because R.C. 2945.59 did not explicitly say the requirement.

{¶ 40} We disagreed and found that notice of intent to use 404(B) evidence was indeed required despite R.C. 2945.59 not explicitly stating it. *Id.* at ¶ 46. We found that "the state ran afoul of the notice requirement in Evid.R. 404(B)[.]" Under the plain-error standard, we determined that "the failure to provide pretrial disclosure of the above other acts evidence substantially impaired [Kelley]'s rights to due process of law." *Id.* at ¶ 49.

15.

Hence we found that "the error [of not providing notice] affected the accused's substantial rights."

{¶ 41} The stated policy and rationale behind our decision in *Kelley* was summarized as "[n]ot only does the notice requirement found in Evid.R. 404(B) facilitate litigation of the magnitude of the offense charged, it provides the person against whom such evidence may be admitted with a fair opportunity to prepare to meet the impact of evidence of uncharged offenses." However, we note this overarching policy and rationale does not apply in all instances the state fails to notify of its intent to use 404(B) evidence.

{¶ 42} For example we point to *State v. Nuzum*, 6th Dist. Lucas No. L-15-1122, 2016-Ohio-2744, where we held that despite the state's failure to provide notice of its intent to use 404(B) evidence, "such error was harmless in light of our conclusion that the state's alleged introduction of other acts evidence did not affect the outcome of the trial or otherwise prejudice appellant." *Id*. at ¶ 21.

{¶ 43} We found that, despite the 404(B) evidence or lack of notice thereof, the outcome of the case would not have been different because there was otherwise sufficient and competent, credible evidence to support Nuzum was the perpetrator. *Id*. at ¶ 17. In specific, there was witness testimony from those at the scene of the crime, and we found it demonstrated Nuzum committed the burglary for which he was charged. *Id*.

{¶ 44} Consistent with *Nuzum* and *Grega*, yet distinguishable from *Kelley* and *Breedlove*, we find appellant in this case cannot show the outcome of his case would have

been different had he been notified of the 404(B) evidence, or had that evidence not been introduced. As noted above, we found that circumstantial evidence in the record supports appellant was the perpetrator, and that the trier-of-fact properly evaluated the photographic evidence and weighed it to determine that it spoke for itself.

{¶ 45} As a result, we now hold that even if appellant would have received proper notice of appellee's intent to use the 404(B) evidence or, alternatively, even if White did not testify and the clothing evidence was excluded, there was sufficient and competent, credible evidence to find appellant guilty and convict him. Therefore, we cannot say that the introduction of the 404(B) evidence prejudiced appellant, or that his trial counsel was ineffective for failing to challenge the introduction of that evidence.

{¶ 46} Accordingly, appellant's third assigned error is not well-taken.

**Conclusion**

{¶ 47} The April 9, 2018 judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                JUDGE
Arlene Singer, J.          

Thomas J. Osowik, J.          _____
CONCUR.                                                JUDGE


                                  _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.