[Cite as *State v. Roof*, **2019-Ohio-2147.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-18-052

     Appellee                                Trial Court No. 2018CR0053

v.

Jerry Roof                                      **DECISION AND JUDGMENT**

     Appellant                               Decided:  May 31, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Eric J. Allen, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jerry Roof, appeals the judgment of the Wood County Court of Common Pleas, convicting him, following a guilty plea, of two counts of domestic violence, felonies of the third degree, and one count of breaking and entering, a felony of the fifth degree, and sentencing him to a cumulative term of 36 months in prison. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On February 22, 2018, the Wood County Grand Jury indicted appellant on two counts of domestic violence in violation of R.C. 2919.25(A) and (D)(4), felonies of the third degree, and one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and (B), a felony of the first degree. The first count of domestic violence stemmed from appellant's conduct on October 20, 2017, wherein he struck his ex-girlfriend twice in the face with an open hand. The second count of domestic violence and the count of aggravated burglary stemmed from appellant's conduct on January 11, 2018, wherein he entered a residence through an unlocked back door, after being told that he was not welcome at the residence. Once inside, appellant's ex-girlfriend walked him out to the back deck where appellant struck her with a closed fist and pushed her onto the floor.

{¶ 3} On April 11, 2018, appellant withdrew his initial plea of not guilty, and entered a plea of guilty to the two counts of domestic violence and an amended count of breaking and entering in violation of R.C. 2911.13(B) and (C), a felony of the fifth degree. In exchange for his plea, in addition to amending the count of aggravated burglary to breaking and entering, the state agreed to recommend that appellant be placed on community control with successful completion of the SEARCH program. After a detailed Crim.R. 11 plea colloquy, the trial court accepted appellant's plea, found him guilty, and continued the matter for preparation of a presentence investigation report.

{¶ 4} At the sentencing hearing on June 18, 2018, appellant's trial counsel requested that the court place appellant on community control, and that he be placed into

2.

the SEARCH program, which counsel thought would benefit appellant in dealing with his alcoholism. Similarly, the state recommended that appellant be placed on community control with successful completion of the SEARCH program. Appellant, for his own part, recognized that his alcoholism was the main source of his problems. He offered that being placed on an alcohol monitor while awaiting sentencing was the best thing the state has ever done for him and his family because it keeps him sober.

{¶ 5} In imposing sentence, the trial court stated that it considered the record, the statements at the sentencing hearing, and the presentence investigation report. The court also acknowledged the principles and purposes of sentencing. The trial court then considered the seriousness and recidivism factors, including that the victim suffered serious physical harm, that appellant was under community control sanctions at the time of the offense, that appellant had a substantial history of criminal convictions, and that appellant had failed to positively respond to previous sanctions imposed for criminal convictions. Based on the foregoing, the trial court concluded that a combination of community control sanctions would demean the seriousness of appellant's conduct and its impact upon the victims in this case. Thus, the trial court ordered appellant to serve the maximum term of 36 months in prison on each of the counts of domestic violence, and 12 months in prison on the count of breaking and entering. The trial court ordered all of the sentences to be served concurrently, for a total prison term of 36 months.

3.

## II. Assignment of Error

{¶ 6} Appellant has timely appealed the judgment of conviction, and now asserts one assignment of error for our review:

> 1. The trial court erred by imposing a sentence unsupported by the record.

## III. Analysis

{¶ 7} We review felony sentences under the approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * * if it clearly and convincingly finds: * * * (b) That the sentence is otherwise contrary to law."

{¶ 8} In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 9} Appellant argues that the maximum sentence was not supported by the record. First, he disputes that the victim suffered serious physical harm, as there was no information in the record that the victim ever required medical attention. Second, he contends that his issue is with alcohol abuse, and that treatment, not a lengthy prison sentence is the key to becoming a successful and functioning member of society.

{¶ 10} However, a sentencing court has broad discretion to determine the relative weight of the sentencing factors in R.C. 2929.12 as it constructs a punishment that comports with the purposes and principles of sentencing. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 11, citing *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 18 (6th Dist.). "As an appellate court, we may not substitute our judgment for that of the trial judge even if a different judge may have weighed the statutory factors differently." *Id.* at ¶ 14, citing *State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, 17 N.E.3d 515, ¶ 18, 24.

{¶ 11} Appellant's argument is that community control would be more beneficial to his rehabilitation. But it is within the trial court's discretion to determine how best to achieve the overriding purposes of protecting the public from future crime, punishing the offender, and promoting the effective rehabilitation of the offender using the minimum sanctions necessary. In this case, in addition to the physical harm caused to the victim— whether or not it was "serious"—the trial court also considered appellant's prior status under community control, his history of criminal convictions, and his unfavorable response to prior sanctions in concluding that a prison sentence of 36 months was

warranted. Thus, the record clearly reflects that the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, and we therefore cannot say that the sentence was clearly and convincingly contrary to law.

{¶ 12} Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 13} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                             JUDGE

Arlene Singer, J.

                                     _____

Thomas J. Osowik, J.                                    JUDGE
CONCUR.

                                     _____

                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.