[Cite as *State v. Jones*, 2019-Ohio-3602.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                           Court of Appeals No. WD-18-042

       Appellee                     Trial Court No. 2017CR0071

v.

Brian O. Jones                      **DECISION AND JUDGMENT**

       Appellant                  Decided:  September 6, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Eric J. Allen, for appellant.

* * * * *

**SINGER, J.**

## I. Introduction

{¶ 1} Appellant, Brian O. Jones, appeals from his conviction in the Wood County Court of Common Pleas on two counts of complicity to burglary, in violation of R.C. 2923.03(a)(2)(f) and 2911.12(A), felonies of the second degree.  Appellant was sentenced

to six years as a result of his conviction. As we find no error in his sentence and that there was sufficient evidence to support his conviction, we affirm.

## A. Facts and Procedural Background

{¶ 2} Beginning on October 15, 2016, the city of Perrysburg and the adjoining Perrysburg Township began suffering from a rash of burglaries that were occurring during daytime hours. Based on the pattern of burglaries, the city of Perrysburg and Perrysburg Township began surveilling the affected area. During their investigation, a witness told police he saw a maroon luxury vehicle at one of the crime scenes in the driveway. The car was described as a "grandpa" style vehicle.

{¶ 3} On November 9, 2016, a home was burglarized while the owner was at work. Nearby, another home was also burglarized while the owner was on vacation. This burglary occurred between November 8 and 15, 2016. The exact date is unknown because the victim was gone on a vacation during the time of the burglary. Several televisions and other electronics were taken from the homes.

{¶ 4} On November 15, 2016, detectives were conducting surveillance in the area in an unmarked vehicle when one detective spotted a maroon Lincoln which matched the description given by the witness. The detective radioed to other officers that he believed he had found the vehicle they were looking for and asked that a marked cruiser assist him in making a traffic stop of the vehicle. While following the maroon Lincoln, the detective observed the passenger, later identified as appellant, get into the back seat and

2.

make movements in the back seat. The detective testified that he believed appellant was putting the back seats into an upright position.

{¶ 5} A marked police cruiser then completed a traffic stop of the vehicle. At the time of the stop, police indicated that the driver, appellant's co-defendant, and appellant appeared nervous. During the stop, police observed work gloves that appeared to match a glove left at one of the crime scenes. A detective testified that the gloves were unique and that he had not seen them before.

{¶ 6} During the traffic stop, two cell phones were visible to the officers who arrived on scene. At some point, appellant asked one of the responding officers for his cell phone, but the officer was concerned the phone did not belong to appellant. In order to verify that it was in fact appellant's phone, appellant permitted the officer to look through the contacts in the phone. The officer would later testify that while he was completing this task, he saw a text from the co-defendant saying that they were "starting early" that day. The men were released at the scene.

{¶ 7} Both of the phones and vehicle were seized and a search warrant was executed for the search of those items. Police recovered from the vehicle several pairs of gloves as well as a screwdriver believed to be utilized with the burglaries. Police also retrieved call logs, messages, and cell site tower locations from both phones.

{¶ 8} On November 30, 2016, police contacted appellant's co-defendant about the retrieval of his vehicle from police custody. When he arrived to retrieve his vehicle, he

3.

was placed under arrest by the police and interviewed. During the interview, the co-defendant admitted that he was addicted to opioids and agreed to cooperate with the police. He implicated appellant as well as another man. The co-defendant would eventually plead guilty to six counts of burglary and would be sentenced to a five-year prison term.

{¶ 9} On February 16, 2017, appellant was indicted with two counts of complicity to burglary. Appellant was appointed counsel and held on bond. On October 31, 2017, a jury trial commenced, but after voir dire was completed, appellant indicated to the trial court that he wished to fire his current counsel and be appointed different counsel. The request was granted and new counsel was appointed. On December 28, 2017, appellant was granted new counsel upon his request once again.

{¶ 10} On April 25 and 26, 2018, a jury trial commenced. Before the commencement of the trial, appellant once again attempted to fire his attorney, but his request for new counsel was denied. Appellant sought to fire this attorney for failing to seek the suppression of the evidence found in the cell phone. Following the two-day trial, appellant was found guilty on both counts of the indictment. Following a presentence investigation report, appellant was sentenced to six years on each count, to run concurrently. Fifty-two days of jail time credit was given.

4.

## B. Assignments of Error

{¶ 11} Appellant sets forth the following assignments of error:

I. The court erred by imposing a sentence unsupported by the record.

II. The verdict in this case is against the sufficiency of the evidence and should be reversed because it violates the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Constitution of the State of Ohio.

III. The verdict in this case is against the manifest weight of the evidence and should be reversed because it violates the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Constitution of the State of Ohio.

## II. Analysis

### A. Assignment of Error I

{¶ 12} In appellant's first assignment of error, he contends that the trial court erred when it imposed a sentence that was not supported by the record.

{¶ 13} Our review of a felony sentence is governed by R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court is permitted to "increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds"

5.

that either the record does not support the sentencing court's findings under the applicable sentencing statutes or that the sentence is otherwise "contrary to law."

{¶ 14} A trial court has wide discretion in determining the relative weight of the sentencing factors found in R.C. 2929.12 as it constructs a punishment that comports with the principles and purposes of sentencing. *State v. Roof*, 6th Dist. Wood No. WD-18-052, 2019-Ohio-2147, ¶ 10, citing *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 11. An appellate court may not substitute its own judgment for that of a trial court, even if a different trial court may have weighed the statutory factors differently. *Id*., quoting *Torres* at ¶ 14.

{¶ 15} A trial court must use its discretion to impose an appropriate sentence that achieves the purposes of protecting the public and punishing the defendant, without unnecessarily burdening any state or local resources. *State v. Salman*, 6th Dist. Lucas No. L-17-1223, 2018-Ohio-3516, ¶ 5. "To achieve the purposes of felony sentencing, the court may consider the need for incapacitating the defendant, methods of deterrence, rehabilitation, restitution, the seriousness of the defendant's conduct, and mitigating factors." *Id*., citing R.C. 2929.11(A) and 2929.12. A trial court is not required to make specific findings or use specific language to reflect their consideration of the applicable statutory factors. *Id*., citing *State v. O'Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989); *State v. Simpson*, 11th Dist. Lake No. 2016-L-014, 2016-Ohio-7746, ¶ 19. "Absent an affirmative showing to the contrary, we presume the court properly

6.

considered the relevant factors set forth in R.C. 2929.11 and 2929.12." *Id*., citing *O'Dell* at 147.

{¶ 16} A trial court is required to be guided by the overall purposes to felony sentencing which are to "protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A); *State v. Lathan*, 6th Dist. Lucas No. L-03-1188, 2004-Ohio-7074, ¶ 30.

{¶ 17} The "sentence must be 'reasonably calculated to achieve'" these goals, be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim,' and be 'consistent with sentences imposed for similar crimes committed by similar offenders.'" *Id*., quoting R.C. 2929.11(B). "Each case is necessarily, by its nature, different from every other case – just as every person is, by nature, not the same. R.C. 2929.11(B) does not require each judge to sift through every single case that could be deemed similar and impose only a sentence that has been levied before." (Citations omitted.) *Id*. at ¶ 25. "When a sentence is objected to and alleged to be inconsistent with other sentences, what is truly being contested is whether the sentence is supported by the record." *Id*. at ¶ 27.

{¶ 18} Appellant was sentenced to a six-year prison term on each of the counts, which is within the statutory range for a felony of the second degree. R.C. 2929.14(B)(2)(b).

7.

{¶ 19} The sentencing entry in this matter makes reference to the purposes of sentencing as well as the factors to be considered in sentencing under R.C. 2929.11 and 2929.12. Specific reasons for the imposition of the prison term were provided in the sentencing entry and are factors the court was required to consider under R.C. 2929.12. These included the fact that "the victim suffered serious physical, psychological or economic harm," that appellant has a "history of criminal convictions," that appellant "has not been rehabilitated to a satisfactory degree * * * or [appellant] has not responded favorably to sanctions previously imposed for criminal convictions," and that appellant "shows no genuine remorse for the offense."

{¶ 20} On the record at the sentencing hearing, the trial court reviewed a presentence investigation report and specifically noted the criminal history of appellant. Due to appellant's criminal history, the trial court stated it did not believe that appellant had been rehabilitated. The trial court also found that appellant was not remorseful because he continued to deny his involvement in the crime. Though appellant attempts to argue that he should have received a lighter sentence, especially in consideration of the lighter sentences his co-defendants received, the trial court properly utilized and applied the applicable sentencing factors when arriving at appellant's sentence.

{¶ 21} As such the court finds appellant's sentence is supported by the record. The trial court considered the purposes of sentencing and the applicable sentencing factors when it imposed a six-year term on each count. The trial court considered the information contained in the presentence investigation report, appellant's criminal

8.

history, appellant's own statement, and the information gathered at trial when coming to its decision. The sentence was within the statutory range for a felony of the second degree and the trial court's consideration of the purposes of sentencing and the applicable statutory factors was demonstrated in its sentencing entry and on the record. We therefore find that appellant's sentence is not clearly and convincingly contrary to law under R.C. 2953.08(G). We further find that appellant's sentence was supported by the record. Accordingly, appellant's first assignment of error is not well-taken.

## B. Assignments of Error II and III

{¶ 22} In his second and third assignments of error, appellant argues that his convictions were against the sufficiency and manifest weight of the evidence. Appellee asserts there was sufficient evidence to convict appellant and the convictions were not against the manifest weight of the evidence

{¶ 23} In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citations omitted.) *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, the appellate court will not weigh the evidence or assess the credibility of the witnesses. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 132. Whether there is sufficient evidence to support a conviction is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

9.

**{¶ 24}** In a manifest weight challenge, we must determine whether the greater amount of credible evidence supports the conviction. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12. The appellate court sits as if it is a "thirteenth juror" and must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Leech*, 6th Dist. Lucas No. L-13-1156, 2015-Ohio-76, ¶ 32, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶ 25}** In this case, appellant was convicted of complicity to burglary. Complicity is defined in the Revised Code as:

(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

* * *

(B) Aid or abet another in committing the offense.

R.C. 2923.03(A)(2).

**{¶ 26}** The Supreme Court of Ohio has found:

To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.02(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the

criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime."

*State v. Johnson*, 93 Ohio St.3d 240, 2001-Ohio-1336, 754 N.E.2d 796, syllabus.

{¶ 27} In order to commit burglary, a person must, by force, stealth, or deception, trespass into an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with the purpose to commit any criminal offense within the habitation. R.C. 2911.12(A)(2).

{¶ 28} Appellant argues that the only evidence linking him to these crimes is the testimony of his co-defendant. He argues that the co-defendant's self-serving testimony cannot be relied upon because there were memory lapses and inconsistencies in the testimony. Appellant points to portions of the testimony in which his co-defendant was unable to delineate which homes appellant assisted in burglarizing and could not identify the homes that were burglarized in photographs.

{¶ 29} Appellee argues that appellant was not merely connected to the crimes through the testimony of his co-defendant, but that three officers and detectives testified about the burglaries and their investigations of them. Appellee also points to the cell-phone tower data that was presented to the jury which indicates that appellant was in the immediate vicinity of the burglaries on particular days.

{¶ 30} The record further demonstrates appellant and his co-defendant were stopped in a vehicle that matched a description given to police following one of the

11.

nearby burglaries. During the stop, in plain view, police spotted distinct gloves matching a glove that was recovered from one of the crime scenes. A screwdriver believed to be utilized in the crimes was later recovered from the vehicle as well.

{¶ 31} When viewing the evidence in a light most favorable to the prosecution, we find any rational trier-of-fact could have found the essential elements of complicity to burglary proven beyond a reasonable doubt. Evidence was presented that appellant was with his co-defendant in a vehicle used in the burglaries, that appellant was in the area when the crimes occurred, and appellant's co-defendant testified that appellant cooperated with the commission of the offenses.

{¶ 32} "With respect to our analysis of the manifest weight of the evidence, it is understood that '[w]hen considering circumstantial or direct evidence, "a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference."'" *State v. Stults*, 6th Dist. Lucas No. L-18-1036, 2019-Ohio-657, ¶ 18, quoting *State v. McCreary*, 6th Dist. Lucas No. L-15-1206, 2016-Ohio-4753, ¶ 20. Further we are required to give "'due deference to the findings made by the jury.'" *Id.*, quoting *McCreary* at ¶ 20. As such, we cannot find that appellant's co-defendant's testimony is not credible or that the evidence weighs heavily against convicting appellant. We cannot say that the record demonstrates that the jury lost its way or that a manifest miscarriage of justice resulted in the jury's finding of appellant's guilt.

12.

**{¶ 33}** Therefore, appellant's second and third assignments of error are not well-taken.

**{¶ 34}** On consideration, the judgment of the Wood County Court of Common Pleas is affirmed.  Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____
                                                              JUDGE
Christine E. Mayle, P.J.

Gene A. Zmuda, J.                 _____
CONCUR.                                             JUDGE

                                           _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.